1   LAW OFFICES OF PANOS LAGOS
Panos Lagos, Esq. / SBN 61821
2   5032 Woodminster Lane
Oakland, CA  94602
3   (510)530-4078
(510)530-4725/FAX
4   panoslagos@aol.com

5   Attorney for Plaintiff,
ERIK RUSSELL
6

7

8                   UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10   ERIK RUSSELL,                              )   Case No.: __12-00929__
                                                )
11              Plaintiff,                       )
                                                )   COMPLAINT FOR DAMAGES FOR
12   v.                                          )   VIOLATION OF CIVIL RIGHTS
                                                )   JURY TRIAL DEMANDED
13   CITY AND COUNTY OF SAN FRANCISCO,          )
     SAN FRANCISCO POLICE DEPARTMENT,           )      1. Violation of Civil Rights –
14   GREG SUHR, in his capacity as Chief of Police of )         42 U.S.C. §1983
     the City and County of San Francisco,      )      2. Violation of Civil Rights –
15   DAMIEN REYES, individually and in his capacity )         42 U.S.C. §1983 -- Monell
     as a Peace Officer for the City and County of San )      3. Assault
16   Francisco, and DOES 1 – 200, jointly and severally, )      4. Battery
                                                )      5. Intentional Infliction of
17              Defendants.                       )         Emotional Distress
     _____ )      6. Negligence
18                                                     7. Violation of 42 U.S.C. §1983
                                                          – Negligent Selection,
19                                                        Training, Retention,
                                                          Supervision, Investigation, and
20                                                        Discipline
                                                       8. Violation of Civil Rights –
21                                                        California Civil Code §52.1
                                                       9. Injunctive Relief and
22   Plaintiff alleges as follows:                        Declaratory Relief

23                         **INTRODUCTION**

24       1.      This is an action for money damages brought pursuant to 42 U.S.C. sections

25   1981, 1983, and 1988, and Fourth and Fourteenth Amendments to the United States Constitution,

26   and under the common law and statutes of the State of California, against the City and County of

27   San Francisco (hereinafter referred to as the "City"), the San Francisco Police Department

28   (hereinafter referred to as the "Department"), Police Chief Greg Suhr (hereinafter referred to as

COMPLAINT FOR DAMAGES                                                        - 1 –

*Russell v. CCSF, et al.*
USDC (ND) Case No.: _____

1  "Suhr"), Police Officer Damien Reyes (hereinafter referred to as "Reyes") and fictitiously named

2  Defendant (individually, and in their capacities as police officers and supervisory personnel for

3  the City).

4                                        **PARTIES**

5        2.      Plaintiff, Erik Russell (hereinafter referred to as "plaintiff"), is and at all times

6  herein mentioned was a resident of the City.

7        3.      Defendant City is a political subdivision of the State of California, duly organized

8  and existing under the laws of the State of California, and the Department is a duly organized

9  agency of the City. (These two defendants may also hereinafter be referred to jointly as the

10 "City".)

11       4.      At all times mentioned herein, defendant Suhr was the Chief of Police of the City,

12 and was acting within the course and scope of his office.

13       5.      At all times mentioned herein, defendant Reyes and Does 1 to 100 were employed

14 as police officers for the City.  Defendant Reyes and Does 1 to 100 are sued individually, and in

15 their capacities as police officers for the City.  By engaging in the conduct described herein,

16 defendant Reyes and Does 1 to 100 acted under color of law and in the course and scope of their

17 employment for defendant City. By engaging in the conduct described herein, Defendant Reyes

18 and Does 1 to 100 exceeded the authority vested in them as police officers under the United

19 States Constitution and as employees of the City.  At all times mentioned herein, Does 101 to

20 200 were employed as supervisory personnel in the Department.  Does 101 to 200 are sued

21 individually, and in their capacities as supervisory personnel for the Department.  By engaging in

22 the conduct described herein, Does 101 to 200 acted under color of law and in the course and

23 scope of their employment for defendant City.  By engaging in the conduct described herein,

24 Does 101 to 200 exceeded the authority vested in them as supervisory personnel of the

25 Department under the United States and California Constitutions and laws, and as employees of

26 the City.

27       6.      Plaintiff is ignorant of the true names and capacities of Defendant Does 1 to 200,

28 inclusive, and therefore sues those defendants by such fictitious names. Plaintiff is informed and

COMPLAINT FOR DAMAGES                                                    - 2 -

*Russell v. CCSF, et al.*
USDC (ND) Case No.: _____

1   believes and thereon alleges that each Doe defendant so named is responsible in some manner

2   for the injuries and damages suffered by plaintiff as set forth herein.  Plaintiff will amend this

3   complaint to state the true names and capacities of defendant Does 1 through 200, inclusive,

4   when they have been ascertained.

5          7.      At all times herein mentioned each Doe defendant was the agent or employee of

6   defendant City, Reyes, and Suhr, and in doing the things alleged, was acting within the course

7   and scope of such agency or employment, and with the actual or implied permission, consent,

8   authorization, and approval of defendant City, Suhr, and Reyes.

9   <center>**STATEMENT OF FACTS**</center>

10         8.      On August 16, 2011, at approximately 10:10 p.m., plaintiff was crossing Clement

11  street in San Francisco when he was stopped by officers and taken into custody.  Plaintiff was

12  transported to Richmond Police Station in San Francisco where he was booked and his personal

13  belongings were taken from him.  Plaintiff was then taken to a holding cell where his left wrist

14  was handcuffed to a bench.  Reyes entered the holding cell and struck plaintiff with a closed fist.

15  Reyes' unnecessary, excessive and unlawful force caused Plaintiff's head to hit the back of the

16  cell wall causing a fracture in plaintiff's C-5 vertebrae.  Plaintiff was transported to San

17  Francisco General Hospital and was treated for his injuries.

18         9.      Plaintiff was (excessively, unlawfully, and unnecessarily) feloniously assaulted

19  and battered, by Reyes and Does 1 to 100 for no excusable, just, or lawful reason and in violation

20  of plaintiff's civil rights under the laws and Constitutions of the United States and of the State of

21  California.

22        10.     At all times herein mentioned, Suhr, Reyes, and Does 1 to 100 were acting within

23  the course and scope of their employment with the City, and were acting under color of law.

24        11.     At the time of Reyes' felonious battery upon plaintiff, plaintiff was restrained and

25  secured with his left hand via a single handcuff to the jail wall presenting no risk of harm to

26  anyone. The actions of defendant Suhr, Reyes, and Does 1 to 200 violated plaintiff's rights under

27  the Fourth and Fourteenth Amendments to the United States Constitution and under the laws and

28  Constitution of the State of California.  These violations and torts were committed as a result of

1  policies and customs of the City and the Department that were allowed, accepted and promoted

2  by Suhr and which constituted a deliberate indifference to the foreseeable Constitutional

3  consequences as stated and exemplified by plaintiff's incident heretofore alleged.

4  <div align="center">

**FIRST CLAIM**

5  **(Violation of Civil Rights – 42 U.S.C. §1983)**

6  **(Against Defendant Reyes and Does 1 to 200)**
</div>

7      12.    Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this

8  complaint.

9      13.    In doing the acts complained of, defendant Reyes acted under color of law to

10  deprive plaintiff of certain constitutionally protected rights, including, but not limited to:

11          a.    The right to be free from the use of excessive force, which is guaranteed

12  by the Fourth and Fourteenth Amendments to the United States Constitution;

13      14.    As a proximate result of defendant's conduct, plaintiff suffered injuries and

14  damages as hereinafter set forth.

15      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

16  <div align="center">

**SECOND CLAIM**

17  **(Violation of Civil Rights – 42 U.S.C. §1983 -- *Monell*)**

18  **(Against Defendant City, Suhr, Reyes and Does 1 to 200)**
</div>

19      15.    Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this

20  complaint.

21      16.    Defendant City, Suhr, Reyes, and Does 1 to 100,  by and through their

22  supervisory officials and employees, and Does 101 to 200, have been given notice on repeated

23  occasions of a pattern of ongoing constitutional violations and practices by defendant Reyes and

24  Does 1 to 100, and other City police officers, consisting of the use of unnecessary and excessive

25  force against citizens.  Notwithstanding said notice, City, Suhr, and Does 101 to 200 have

26  demonstrated deliberate indifference to this pattern and practice of constitutional violations by

27  failing to take necessary, appropriate, or adequate measures to prevent the continued

28  perpetuation of said pattern of conduct by Reyes, Does 1 to 100 and other City police officers.

COMPLAINT FOR DAMAGES                                                    - 4 -

*Russell v. CCSF, et al.*
USDC (ND) Case No.: _____

1  This lack of adequate supervisorial response by City, Suhr and Does 101 to 200 demonstrates

2  ratification of the defendant police officers' unconstitutional acts, as well as the existence of an

3  informal custom or policy that tolerates and promotes the continued use of excessive force

4  against and violation of civil rights of citizens by City police officers.

5       17.    The acts of defendant Reyes and Does 1 to 100, as alleged herein, are the direct

6  and proximate result of the deliberate indifference and policy and/or practice of Defendant City,

7  Suhr, and Does 101 to 200, to violations of the constitutional rights of citizens by defendant

8  police officers, and other members of the Department.  Defendant City, Suhr, and Does 101 to

9  200 have taken no action to stop the use of excessive force as is the case with the plaintiff, as set

10  forth above.  Plaintiff's injuries and damages were foreseeable and were the proximate result of

11  the deliberate indifference of the City, Suhr and Does 101 to 200 to the patterns, practices,

12  customs, and policies described above.

13       WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

14  ### THIRD CLAIM

15  **(Assault)**

16  **(Against Defendant Reyes and Does 1 to 100)**

17       18.    Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this

18  complaint.

19       19.    Defendant Reyes, City, and Does 1 to 100 placed plaintiff in immediate fear of

20  severe bodily harm by physically seizing and battering him without any just provocation or

21  cause.

22       20.    Plaintiff did not consent to this offensive contact. The conduct of this defendant

23  was neither privileged nor justified under statute or common law.

24       21.    The conduct of this defendant legally cause plaintiff suffering and damages as set

25  forth herein.

26       WHEREFORE, Plaintiff prays for relief as set forth herein.

27  ///

28  ///

COMPLAINT FOR DAMAGES        - 5 -

*Russell v. CCSF, et al.*
USDC (ND) Case No.: _____

## FOURTH CLAIM

### (Battery)

### (Against Defendant City, Reyes and Does 1 to 100)

22.     Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

23.     Defendant Reyes and Does to 100 caused an unwanted and harmful touching of plaintiff's person, resulting in physical and emotional damages.

24.     Plaintiff did not consent to this offensive contact. The conduct of those defendant was neither privileged nor justified under statute or common law.

25.     The conduct of those defendant proximately resulted in plaintiff suffering damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CLAIM

### (Intentional Infliction of Emotional Distress)

### (Against Defendant City, Reyes, and Does 1 to 100)

26.     Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

27.     The conduct of defendant Reyes and Does 1 to 100, as set forth herein, was extreme and outrageous, willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon plaintiff.

28.     As a result of said defendant's conduct, as aforesaid, plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SIXTH CLAIM

### (Negligence)

### (Against Defendant City, Reyes, and Does 1 to 200)

29.     Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,

COMPLAINT FOR DAMAGES                                                                    - 6 -

*Russell v. CCSF, et al.*
USDC (ND) Case No.: _____

1  wanton, and oppressive conduct by defendant Suhr, Reyes and Does 1 to 200, and any and all

2  allegations requesting punitive damages.

3       30.    At all times herein mentioned defendant Suhr. Reyes and Does 1 to 200 were

4  subject to a duty of care, to avoid causing unnecessary physical harm and emotional distress to

5  persons in the exercise of their police duties.  The conduct of those defendant as set forth herein,

6  did not comply with the standard of care to be exercised by reasonable police officers nor did it

7  comply with police department procedures, and proximately caused plaintiff to suffer damages

8  as herein set forth, including physical harm and severe mental and emotional distress.

9       WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

10  ## SEVENTH CLAIM

11  **(Violation of 42 U.S.C. §1983 – Negligent Selection, Training,**

12  **(Retention, Supervision, Investigation, and Discipline)**

13  **(Against City, Suhr and Does 101 to 200)**

14       31.    Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this

15  complaint.

16       32.    Defendant City, Suhr, and Does 101 to 200 have, and, at all times mentioned

17  herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise,

18  investigate, and discipline defendant Reyes and Does 1 to 100 herein so as to avoid unreasonable

19  risk of harm to persons.

20       33.    Said defendant, by and through their supervisory officials and employees, have

21  been given notice on repeated occasions of a pattern of ongoing constitutional violations and

22  unlawful practices by defendant Reyes and Does 1 to 100, and other City police officers,

23  including the use of unnecessary and excessive force against persons.

24       34.    Notwithstanding this notice, defendant City, Suhr and Does 101 to 200 have

25  demonstrated deliberate indifference to this pattern and practice of constitutional violations by

26  failing to take necessary, appropriate, or adequate measures to prevent the continued

27  perpetuation of this pattern of conduct by City police officers and defendant Reyes and Does 1 to

28  100.

COMPLAINT FOR DAMAGES      - 7 -

*Russell v. CCSF, et al.*
USDC (ND) Case No.: _____

35.     Said defendant breached their duty of care to residents in that they have failed to adequately train defendant Reyes and Does 1 to 100, and other City police officers, in the proper use of force in the course of their employment as peace officers. This lack of an adequate supervisory response by defendant City, Suhr, and Does 101 to 200, and lack of adequate supervisory training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against residents, and violation of the civil rights of residents by City police officers Reyes and Does 1 to 100.

36.     The wrongful conduct of these defendant proximately resulted in plaintiff suffering damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## EIGHTH CLAIM

### (Violation of Civil Rights – California Civil Code §52.1)

### (Against Defendant City, Reyes, and Does 1 to 100)

37.     Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

38.     The conduct of defendant Reyes and Does 1 to 100, as described herein violated California Civil Code §52.1 in that Reyes and Does 1 to 100 interfered with plaintiff's exercise and enjoyment of his civil rights, as enumerated above, through the use of wrongful force and/or arrest.

39.     As a direct and proximate result of said defendant's violation of Civil Code §52.1, plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

40.     Since the conduct of defendant Reyes and Does 1 to 100 occurred in the course and scope of their employment, defendant City, Suhr, and Does 101 to 200 are therefore liable to plaintiff pursuant to *respondeat superior.*

41.     Plaintiff is entitled to injunctive relief and to an award of reasonable attorney's fees pursuant to Civil Code §52.1(h).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

COMPLAINT FOR DAMAGES                                                                            - 8 -

*Russell v. CCSF, et al.*
USDC (ND) Case No.: _____

## NINTH CLAIM

### (Injunctive Relief and Declaratory Relief)

### (Against Defendant City, Suhr, Reyes and Does 1 to 100)

42.     Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

43.     The continuing pattern, as described above, of defendants maliciously, intentionally, oppressively, willfully, and in conscious disregard of rights of citizens of the City and County of San Francisco depriving citizens of their right to be free from excessive force and depriving them of equal protection of the laws, in violation of the Fourth and Fourteenth amendments of the Constitution of the United States and 42 U.S.C. §1983 and enforced by deliberate supervisorial indifference to their foreseeable constitutional consequences. The continued use of these policies, permits and encourages members of the City and County of San Francisco Police Department to restrain, batter, and to inflict excessive and/or unnecessary force in contravention of the Constitution of the State of California and the Constitution of the United States of America.

44.     Accordingly, unless and until the relief demanded in this complaint is granted, plaintiff has no reason to believe that his right be free from excessive force will continue to be threatened. Therefore, unless the relief demanded is granted, plaintiff will suffer serious and irreparable injury by the threat of loss of his fundamental Constitutional rights.

45.     Plaintiff has no plain, complete and adequate remedy at law to redress these violations, and threatened violations, and this suit for declaratory relief, injunctive relief, and damages, is his only means of securing complete and adequate relief. No other remedy would offer plaintiff substantial and complete protection from continuation of defendant' unlawful and unconstitutional acts, policies, and practices. Plaintiff has protectable interests that outweigh defendants' interest in maintaining such inequitable and unreasonable policies and procedures.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

harm, such that punitive and exemplary damages are appropriate herein – except as to defendant City and County of San Francisco.

COMPLAINT FOR DAMAGES                                                     - 9 –

*Russell v. CCSF, et al.*
USDC (ND) Case No.: _____

WHEREFORE, Plaintiff prays for relief as set forth below.

## CLAIM REQUIREMENT

46.     Plaintiff is required to comply with an administrative claim requirement under California law for the state claims herein made against the City and County of San Francisco and the San Francisco Police Department. Plaintiff has complied with all such applicable requirements.

## JURY DEMAND

47.     Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.     General compensatory damages in the amount of $2,000,000;

2.     Special compensatory damages in the amount of $1,000,000;

3.     Punitive damages against defendant Reyes, and Does 1 to 200 in the amount of $1,000,000;

4.     Exemplary damages and a civil penalties for each violation against plaintiff of Civil Code §52.1(b), and reasonable attorney's fees, pursuant to Civil Code §52.1 (h);

5.     Reasonable attorney fees pursuant to 42 U.S.C. §1988;

6.     Costs of suit incurred herein;

7.     Such other and further relief as the Court may deem just and proper.

**A JURY TRIAL IS HEREBY DEMANDED.**

Dated: February 24, 2012

LAW OFFICES OF PANOS LAGOS

Panos Lagos, Esq.
Attorney for Plaintiff,
ERIK RUSSELL

COMPLAINT FOR DAMAGES                                                          - 10 -

*Russell v. CCSF, et al.*
USDC (ND) Case No.: _____